# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

JASON S. THORNE,

      Petitioner,

    vs.

UNITED STATES OF AMERICA,

      Respondent.

Case No. 16-cv-00469-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Jason S. Thorne's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 1).  Also before the Court is Assistant Federal Defender Judith A. Kuenneke's Motion (Doc. 6) to Withdraw as Attorney for Mr. Thorne.   The petitioner and the government were provided 30 days to respond to the motion to withdraw and petitioner has filed a timely response (Doc. 8).

1. **Background.**

On September 18, 1998, Mr. Thorne pleaded guilty to one count of conspiracy to manufacture and distribute methamphetamine.  *See United States v. Thorne*, Case No. 12-cr-40080-1-JPG (Doc. 79).  He was sentenced on March 7, 2013, to imprisonment for 156 months, three years of supervised release, a $100 special assessment, and a $200 fine. (Doc. 125, 12-cr-40080-1-JPG).

Petitioner's counsel has filed an *Anders* [1]brief and has requested to withdrawn.  Mr. Thorne's § 2255 motion was based on the Supreme Court's holding in *Johnson v. United States*, 135 S.Ct. 2551 (2015) and his counsel now states that the Supreme Court's holding in *Beckles v United States*, 137 S.Ct. 886 (2017) renders Petitioner's motion meritless.

---

[1] *Anders v. California*, 386 U.S. 738 (1967).  Counsel could put forth no non-frivolous arguments.

2. **Standard.**

The Court must grant a § 2255 motion when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. However, "[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). "Relief under § 2255 is available only for errors of constitutional or jurisdictional magnitude, or where the error represents a fundamental defect which inherently results in a complete miscarriage of justice." *Kelly v. United States*, 29 F.3d 1107, 1112 (7th Cir. 1994) (quotations omitted). It is proper to deny a § 2255 motion without an evidentiary hearing if, "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see Sandoval v.*

3. **Analysis.**

The petitioner's argument relies on *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the use of the identical residual clause in the Armed Career Criminal Act, 18 U.S.C. § 924(e), to increase the statutory sentencing range is unconstitutional. *Id.* at 2563. This is because the vagueness of the clause denies fair notice to a defendant of his potential punishment and invites arbitrary enforcement by judges. *Id.* at 2557. In *United States v. Hurlburt*, 835 F.3d 715 (7th Cir. 2016) (*en banc*), the Seventh Circuit Court of Appeals applied the same rationale to hold that use of the career offender ("CO") residual clause to support CO status, thereby increasing the guideline sentencing range, was also unconstitutional. *Id.* at 725.

*Hurlburt*, however, was abrogated by *Beckles*, which held that sentencing guidelines are not amendable to vagueness challenges. *Beckles*, 2017 WL 855781, at *6. This is because, unlike the statute at issue in *Johnson*, advisory guidelines "do not fix the permissible range of sentences" but "merely guide the exercise of a court's discretion in choosing an appropriate

sentence within the statutory range." *Id. Beckles* forecloses the petitioner's argument that he is entitled to § 2255 relief.

Petitioner filed a response to his counsel's motion to withdraw requesting that the Court require Ms. Kuenneke to continue in her representation. He argues that he is, "currently in the special housing unit and am not properly equipped to further any and all proceedings without proper counsel." (Doc. 8 at 1). He then puts forth an argument that his due rights under the Fifth Amendment are being violated because, if he were to be sentenced today, his prior offenses would not qualify him as a career offender.

The United States Court of Appeals for the Seventh Circuit authorized petitioner to file a successive petition for collateral review, "based on *Johnson*, but DENY authorization and DISMISS the application in all other respects." *Thorne v. USA*, 15-2996; 12-cr-40080-01-JPG Doc. 57). Since petitioner's *Johnson* issue has been resolved, Ms. Kuenneke's continued representation would be a waste of judicial resources.

Petitioner also requests that, if Ms. Kuenneke's motion is granted, that this matter be continued until such time as he is no longer in the special unit and able to properly proceed with his § 2255 motion. (Doc. 8 at 2). Staying this matter or providing an extension would be futile. Learned counsel has already properly represented the petitioner on his *Johnson* claim and the appellate court did not authorize the petitioner to proceed with any additional claim. There is nothing more to address within this matter.

4. **Certificate of Appealability.**

Having denied petitioner's motion, the Court must grant or deny a certificate of appealability. *See* Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts; 28 U.S.C. § 2253(c). Section 2253(c)(2) provides that a certificate of

appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. Mr. Thorne has made no such showing. Therefore, the Court denies a certificate of appealability. Pursuant to Rule 11(a), Mr. Thorne may not appeal the denial of a certificate of appealability, but he may seek a certificate from the Court of Appeals for the Seventh Circuit.

5. **Conclusion.**

Accordingly, the Court **GRANTS** Assistant Federal Defender Judith A. Kuenneke's Motion (Doc. 6) to Withdraw and **DENIES** Petitioner's Motion (Doc. 1) § 2255 Motion. This matter is **DISMISSED** with prejudice and the Clerk of Court is **DIRECTED** to enter judgment in this matter. Finally, the Court **DENIES** a certificate of appealability.

**IT IS SO ORDERED.**

**DATED:** 5/18/2017

*s/J. Phil Gilbert*
**J. PHIL GILBERT**
**U.S. DISTRICT JUDGE**